UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD W. MORIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-192-P-S |
| | ) |
| STEVE MORSE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION**

Richard Morin, a prisoner at the Maine Correctional Center in Windham, Maine has brought a lawsuit against John Paskewicz, Jr., Pete Turner, and Steve Morse, corrections officers at the facility. Morin is suing for damages and declaratory and injunctive relief. The declaratory/injunctive relief appears to relate to some sort of disciplinary proceeding. The damages claim pertains to two incidents where the officers allegedly humiliated and embarrassed Morin while transporting him to a local hospital in connection with an injury to the head he had received at an earlier time. One incident involves an officers' conduct during a strip search and the other incident occurred at a hospital when, Morin alleges, the officers forced him to defecate without allowing him to use toilet facilities. Morin claims physical pain and psychological injury.

Morin was advised of the provisions of the Prisoner Litigation Reform Act that would require him to reimburse the court for the filing fee. In response he remonstrated with me and requested that the initial payment be reduced. I explained that there is a statutory provision that says the initial partial payment is the greater of 20 percent of either the average monthly deposits to the prisoner's account or the average monthly

balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint, 28 U.S.C. § 1915 (b)(1) (A),(B), and that I did not randomly compute the initial partial payment.  In his case the initial partial filing fee was computed to be $37.07.  Morin did not have that much money in his account by the time of the order.  I tried to explain to him in my endorsement order that as the money became available in his account it would be forwarded to court.  Morin has never directly responded to my order of June 20, 2008, by indicating that he intends to proceed with this lawsuit, although I interpreted his letter request to reduce his initial payment as evidence he intended to proceed.

Notwithstanding Morin's ambivalent response about his willingness to incur the filing fee, 28 U.S.C. § 1915A(a) requires me to screen a prisoner complaint and to recommend dismissal of the complaint if it fails to state a claim.  In this case Morin's complaint does indeed fail to state a claim.

To the extent Morin seeks injunctive or declaratory relief regarding his prison disciplinary proceedings, these three defendants are not the proper parties against whom he should lodge his complaint.  Nor is this court, via a 42 U.S.C. § 1983 action, the proper vehicle through which to obtain redress.  This challenge to prison disciplinary proceedings implicates the doctrine of Heck v. Humphrey, 512 U.S. 477,487 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).  A claim that challenges the validity of a disciplinary proceeding for prison infractions is not cognizable under 42 U.S.C. § 1983 because it would necessarily imply the invalidity of the punishment imposed.  See Edwards, 520 U.S. at 648 (extending Heck to prison disciplinary procedures impacting good-time credits).  Morin must first seek to have the disciplinary sanction overturned

through the normal channels of grievances and appeals within the state system, including the state court system. He simply fails to state a claim for injunctive or declaratory relief on this score.

The remainder of Morin's complaint is devoted to a strip search that occurred before he went to the hospital and an incident involving a bowel movement while waiting at the hospital. The strip search incident involved allegedly harassing comments and behavior only. The incident in the hospital bathroom had to do with the officers' refusal to remove the handcuffs in order for Morin to attend to his personal hygienic needs. Morin was not deprived of use of the bathroom, but he chose to refrain from making use of the available toilet facilities because the officers would not remove the handcuffs. Ultimately, this impasse caused him to defecate in his pants. That portion of the complaint fails to state a claim for monetary damages because as an inmate at a correctional facility, he cannot recover monetary damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). While Morin alleges that he suffered "physical pain" in connection with the humiliating incident wherein he was forced to defecate in his pants, he does not allege that he suffered any physical injury as a result of these experiences. That means Morin cannot recover monetary damages. Transitory stomach cramps of the sort he describes simply do not amount to a physical injury. The only possible remedy available to Morin would be nominative or punitive damages for these incidents. However, because his claim fails to state a claim for <u>any</u> constitutional violation, he could recover neither of those forms of relief either. The incident involving the strip search involved nothing more than verbal abuse. See <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997) ("It is

clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."). While the deprivation of toilet facilities could involve a constitutional claim, see Mitchell v. Newryder, 245 F.Supp.2d 200, 202 -06 (D. Me. 2003), Morin's own pleading belies the existence of such a claim in this case. He admits that he was taken to a toilet and given an opportunity to use the facility. He refused to do so because the officers would not remove the handcuff and Morin anticipated that using the toilet with his cuffs on would make his efforts at personal hygiene cumbersome and untidy. While such a situation may have been unpleasant, it simply is not the sort of deliberate indifference that would rise to the level of a constitutional violation.

## Conclusion

Based upon the foregoing, I recommend the court dismiss this complaint prior to service upon these defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 22, 2008